**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY and ALLSTATE INDEMNITY COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>KEITH MICHAEL STONE, D.C.; CLINICA REAL, LLC; AMERICAN BACK INSTITUTE, LLC, JOHN V. STONE; DARREL SCHAEFFER, D.C., EDNA VAN NATTA and PATRICIA RASCON,<br><br>Defendants. | No. CV 07-1481-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Keith Michael Stone, D.C., Clinica Real, LLC, American Back Institute, LLC, John V. Stone, Darrel Schaeffer, D.C., Edna Van Natta, and Patricia Rascon's ("Defendants") Motion to Dismiss for Failure to State a Claim upon which Relief May be Granted, or in the alternative, Motion to Strike for making redundant claims. Allstate Insurance Company and Allstate Indemnity Company ("Plaintiffs") oppose the Motion to Dismiss. The Court now addresses Defendants' motion.

**I.     BACKGROUND**

Plaintiffs filed a Complaint that alleges violations of the federal RICO statute, 18 U.S.C. § 1962(c). Specifically, Plaintiffs allege in Count I of the Complaint that the

individual Defendants violated § 1962(c) by preparing and mailing fraudulent documents to Plaintiffs, which resulted in Plaintiffs making payments they would not have otherwise made. (Compl. ¶¶ 109, 112-13.) Plaintiffs further allege in Count I that Clinica Real, American Back Institute, and all the Defendants as an association-in-fact constitute an enterprise under the RICO statute. (Id. ¶¶ 118-20.) In Count II, Plaintiffs allege that all the Defendants participated in Plaintiffs' affairs, and violated 1962(c), by preparing and submitting false documents to Plaintiffs. (Id. ¶¶ 127, 128.) In this Count, Plaintiffs allege that they constitute an enterprise within the meaning of 1962(c). (Id. ¶¶ 126.)

Plaintiffs' Complaint also alleges violations of the Arizona racketeering statutes, A.R.S. §§ 13-2314.04 and 13-2312. In Count IV, Plaintiffs allege that the individual Defendants violated A.R.S. §§ 13-2314.04 and 13-2312 by preparing and submitting false medical documents that caused Plaintiffs to make payments to Defendants they otherwise would not have made. (Id. ¶¶ 136-39.) Plaintiffs further allege in Count IV that Clinica Real, American Back Institute, and all the Defendants acting as an association-in-fact constitute an enterprise within § 13-2312. (Id. ¶¶ 141, 142-45.) Finally, Plaintiffs allege in Count V that all Defendants violated A.R.S. §§ 13-2314.04 and 13-2312 by preparing and submitting false documents, where Plaintiffs constitute an enterprise under the Arizona racketeering statute. (Id. ¶¶ 152, 158.) Defendants now move to dismiss Counts II and V for failing to state a claim upon which relief may be granted because, Defendants contend, Plaintiffs argue a legal theory that is not recognized in the Ninth Circuit or in Arizona courts. Alternatively, Defendants move to strike Counts II and V from the Complaint as redundant of Counts I and IV under Rule 12(f) of the Federal and Arizona Rules of Civil Procedure.

## II.  LEGAL STANDARD

A motion to dismiss for failure to state a claim is disfavored and rarely granted. Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248-49 (9th Cir. 1997). Further, the Court must construe the facts alleged in the complaint in the light most favorable to the Plaintiff, and the Court must accept all well-pleaded factual allegations as true. See Shwarz v. United States,

234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, Plaintiff must still meet the pleading requirements in Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, the complaint must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, "[w]hile a complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff has an obligation to state the "grounds" of the "'entitle[ment] to relief,'" and those grounds must be more than "labels and conclusions." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted). "[A] formulaic recitation of the elements of a cause of action will not do." Id. at 1965. Further, "[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process." Id. at 1967. Thus, if the Complaint fails to state a theory under which Plaintiffs may recover, dismissal under 12(b)(6) is appropriate.[1]

## III.  DISCUSSION

In order to violate the federal and Arizona racketeering statutes, a person must have conducted or participated in the enterprise's affairs. Plaintiffs allege in Counts II and V of the Complaint that Defendants violated 18 U.S.C. 1962(c) and A.R.S. §§ 13-2314.04 and 13-2312 by submitting false documentation, thereby participating in Plaintiffs' affairs through a pattern of racketeering. (Compl. ¶¶ 127, 128.) Defendants argue in their Motion to Dismiss that Count II should be dismissed for failing to state a claim because Plaintiffs do not allege facts that meet the "conduct or participate" element of the federal RICO statute. Defendants similarly argue that Count V should be dismissed because Plaintiffs fail to allege facts that meet the "conducts" or "participates" element under A.R.S. § 13-2312(B). The Court now addresses the Innocent Victim Enterprise Theory Plaintiffs allege in Counts II and V of their Complaint.

---

[1] The Court finds that Counts II and V fail to state a claim upon which relief may be granted and therefore need not address the legal standard applicable to a motion to strike or the merits of Defendants' particular motion to strike.

- 3 -

**A. Innocent Victim Enterprise Theory Under Count II**

The federal RICO statute makes it unlawful for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. 1962(c). The U.S. Supreme Court interpreted "conduct or participate" within the RICO statute to mean that the individual alleged to have violated the statute must have participated "in the operation or management of the enterprise itself." Reves v. Ernst & Young, 507 U.S. 170, 183 (1993). The Court also stated that 1962(c) "cannot be interpreted to reach complete 'outsiders' because liability depends on showing that the defendants conducted or participated in the conduct of the '*enterprise's* affairs,' not just their *own* affairs." Id. at 185.

The Ninth Circuit has applied the Reves operation and management test in Baumer v. Pachl, 8 F.3d 1341 (9th Cir. 1993), and Webster v. Omnitrition International, 79 F.3d 776 (9th Cir. 1996). In Baumer, the Ninth Circuit ruled that an attorney who prepared two letters and a partnership agreement, in order to perpetuate the alleged fraudulent scheme, did not meet the operation and management test because the attorney did not hold a position within the partnership or direct the partnership's affairs. 8 F.3d at 1343-45. Also, the Ninth Circuit in Webster held that even where an attorney held a position within the company, and used that position to promote the alleged pyramid scheme, the Reves operation and management test was not satisfied because the attorney's position did not give him authority to direct the enterprise's affairs. 79 F.3d at 789.

Here, Plaintiffs allege that by preparing and submitting false documents, Defendants participated in Plaintiffs' enterprise through a pattern of racketeering activity. (Compl. ¶¶ 127-28.) Plaintiffs refer to this theory as the Innocent Victim Enterprise Theory. (Compl. 49.) To support this theory, Plaintiffs cite to Sun Savings & Loan Ass'n v. Dierdorff, 825 F.2d 187, 194-95 (9th Cir. 1987) (holding that a former bank president acted in his capacity as president when he attempted to cover up the fact that he received kickbacks from loan

- 4 -

customers, and that there was a sufficient nexus between his actions and the Bank's affairs to meet the conduct or participate element of the RICO statute), Aetna Casualty Surety Co. v. P&B Autobody, 43 F.3d 1546, 1549 (1st Cir. 1994) (holding that when defendants submitted false claims to an insurance company, causing the insurance company to make payments based on those false claims, there was sufficient evidence to support a finding that defendants' actions satisfied the operation and management test), and several cases that hold that health care physicians are in a unique position of trust.

First, Sun Savings was decided before the Supreme Court adopted the operation and management test in Reves. Therefore, there is a question as to whether Sun Savings is still good law. The Baumer court questioned the validity of the legal principles stated in Sun Savings, determining only that the outcome of the case would be the same under Reves because the facts in Sun Savings still satisfy the operation and management test. Baumer, 8 F.3d at 1345 n.4. Even if the Court assumes that Sun Savings is still good law, it is factually distinguishable because the Defendant in that case was the bank's president and had the authority to direct the bank's affairs. Plaintiffs here fail to allege that Defendants held any positions within the company that would give Defendants the ability to control Plaintiffs' affairs. Therefore, Sun Savings does not support Plaintiffs' argument that the Ninth Circuit accepts the Innocent Victim Enterprise Theory under the facts alleged in this case.

Second, Plaintiffs argue that this case is analogous to Aetna because Defendants submitted false documents that appeared legitimate on their face, causing Plaintiffs to pay false claims. The Aetna case, however, is a First Circuit case that gives a broader interpretation of the Reves test than has been applied by the Ninth Circuit in Baumer and Webster. Unlike the First Circuit's broad approach in Aetna, which focused merely on the influence the defendants had over the plaintiffs' affairs, the Ninth Circuit in Baumer focused on whether the defendants held a position within the partnership or actually directed the company's affairs. Baumer, 8 F.3d at 1344. Similarly, the Ninth Circuit in Webster focused on the ability of counsel, an employee of the enterprise, to direct and control the company's

affairs. 79 F.3d at 789. If the Court were to adopt the broad application of the <u>Reves</u> test found in the <u>Aetna</u> case, then almost any fraud, regardless of whether the alleged participants had any actual control over the operation or management of the enterprise's affairs, would fall under the federal RICO statute. This is clearly not the legislative intent behind 1962(c) and does not properly apply the <u>Reves</u> operation and management test. <u>See</u> <u>Reves</u>, 507 U.S. at 182-85. This Court is bound by the Ninth Circuit's narrower application of the principles stated in <u>Reves</u>, and therefore will not rely on the First Circuit's interpretation of the operation and management test.

Even if this Court were to go outside the Ninth Circuit's case law and accept the <u>Aetna</u> case as persuasive, the facts of that case are distinguishable from the facts here. In the <u>Aetna</u> case, the insurer's own employees, its appraisers, were found to have played some role in defrauding the company along with the owners and employees of the body shops. <u>Aetna</u>, 43 F.3d at 1552. Defendants in that case used Aetna appraisers to exert control over the investigation, processing, and payment of false automobile insurance claims. <u>Id.</u> at 1559. In contrast, the Plaintiffs here only allege that Defendants submitted false documents. Plaintiffs fail to allege any of the following: (1) that Defendants had control over whether to investigate claims; (2) that Defendants participated in bribery such that it could be said that Defendants were buying a part of the operation and control over Plaintiffs' affairs; (3) that Defendants had a role within Plaintiffs' company in deciding whether to pay claims; (4) or that Defendants conspired with anyone within Plaintiffs' company to commit the fraud. Submitting false documents to Plaintiffs is not enough to render Defendants liable under 18 U.S.C. § 1962(c) when Defendants are complete outsiders to Plaintiffs' affairs. Therefore, even under the broader <u>Aetna</u> case in the First Circuit, Plaintiffs fail to allege any facts in Count II that would satisfy the <u>Reves</u> operation and management test.

Finally, Plaintiffs argue that the individual Defendants' unique position of trust, as medical providers, gave them more control over Plaintiffs' decisions regarding the payment of claims. Plaintiffs' choice to trust Defendants' documents, however, does not show that

Defendants directed Plaintiffs' decisions to deny or pay claims. Further, the cases Plaintiffs cite to support this argument are not cases that involve the federal RICO statute. As a result, the courts in those cases did not consider the <u>Reves</u> operation and management test within their discussion of trust. The sole consideration under <u>Reves</u> is whether Defendants were able to participate in the direction of Plaintiffs' affairs. Plaintiffs have failed to allege facts that show Defendants directed the investigation and payment process. Therefore, under these facts, the Innocent Victim Enterprise Theory does not state a claim upon which relief may be granted.

### B. Innocent Victim Enterprise Theory Under Count V

A.R.S. § 13-2314.04(A) allows a Plaintiff to file an action for damages in Superior Court when there has been a violation of § 13-2312 involving a pattern of racketeering activity. A.R.S. § 13-2312(B) is similar to the federal RICO statute and states a "person commits illegally conducting an enterprise if such person . . . conducts such enterprise's affairs through racketeering or participates directly or indirectly in the conduct of any enterprise that the person knows is being conducted through racketeering." The Arizona District Court has stated that "[i]n the absence of relevant state cases, Arizona courts will look to federal law for guidance when construing and applying Arizona's racketeering statutes," particularly because the Supreme Court has ruled on the issue and the federal precedent is clear. <u>Tonnemacher v. Sasak</u>, 859 F.Supp. 1273, 1278-79 (D. Ariz. 1994). Specifically, the Arizona District Court held that the meaning of "conducts" or "participates" within A.R.S. § 13-2312(B) is determined by the operation and management test stated in <u>Reves</u>. <u>Id.</u> at 1279. The court in <u>Tonnemacher</u>, similar to the Ninth Circuit in <u>Baumer</u> and <u>Webster</u>, focused on whether the plaintiff alleged facts that show the defendant was involved in the direction of the enterprise's affairs. <u>Tonnemacher</u>, 859 F.Supp at 1277. The court concluded that the defendant accounting firm did not fulfill the <u>Reves</u> test because although the plaintiff alleged that the firm participated in the company's affairs, the plaintiff failed to

allege the firm engaged in any activities other than auditing and other accounting functions. Id.

Here, Plaintiffs allege that Defendants conducted and participated in Plaintiffs' affairs through a pattern of unlawful conduct, which caused Plaintiffs to be injured in their business and property. (Compl. ¶¶ 153-154, 157.) The analysis under the Arizona racketeering statute mirrors the analysis under the federal RICO statute. Plaintiffs have failed to allege any facts that support the argument that Defendants conducted or participated in Plaintiffs' affairs either through an official position within Plaintiffs' company, or by directing Plaintiffs' affairs. Submitting false documentation is not enough control over Plaintiffs' affairs to fulfill the Reves test. Therefore, the Court finds that the Innocent Victim Enterprise Theory alleged in Count V does not support a claim upon which relief may be granted.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. # 26), with regard to Counts II and V, is **GRANTED**;

**IT IS FURTHER ORDERED** that to the extent Plaintiffs' Response seeks leave to amend, that motion is denied without prejudice to filing a motion to amend within the deadline established by this Court's Rule 16 Scheduling Order (See Doc. # 39).

DATED this 24th day of March, 2008.

James A. Teilborg
United States District Judge

- 8 -